```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**DESIREE M. NORWOOD,**         :
                                             :
    Petitioner,               :
                                             : CRIMINAL NO. 09-00174-CG-B
**vs.**                          :
                                             : CIVIL ACTION NO. 11-00423-CG
**UNITED STATES OF AMERICA,**   :
                                             :
    Respondent.               :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Desiree Norwood's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 52), and the Government's response in opposition thereto. (Doc. 54). This action was referred to the Undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1]  Because the record is adequate to dispose of this matter, no evidentiary hearing is required. Having carefully reviewed the record, it is recommended that Norwood's Motion to

---

[1] The Honorable United States District Judge Callie V.S. Granade presided over the October 20, 2009 and the July 22, 2010 guilty plea proceedings during which Norwood pled guilty to Count Two of the superseding indictment and Count Nine of the initial indictment. Judge Grande also presided over the sentencing which was conducted on August 23, 2010. On July 22, 2011, Judge Granade referred this matter to the Undersigned Magistrate Judge for entry of a Report and Recommendation. The Undersigned has reviewed the Petitioner's motion and related documents and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade. Based upon that review, the Undersigned makes the following report and recommendation.

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 52) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Desiree M. Norwood.

**I. BACKGROUND**

On August 27, 2009, Norwood was charged in a nine-count indictment alleging five counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and four counts of possession of counterfeit securities, in violation of 18 U.S.C. § 513(a). (Doc. 1). On September 16, 2009, the Court appointed Christopher Knight Federal, of the Office of the Federal Defender, to represent Norwood. (Doc. 5).

Pursuant to a plea agreement with the Government, Norwood pled guilty on October 20, 2009, to Counts One and Nine of the initial indictment, charging a violation of 18 U.S.C. § 1344, bank fraud, and a violation of 18 U.S.C. § 513, possession of counterfeit securities, respectively. (Doc. 13). On April 8, 2010, Norwood filed a Motion to Withdraw (Doc. 15) her guilty plea. A hearing was conducted on May 20, 2010. The Court found that there was no factual basis to support the bank fraud conviction; thus, Norwood's motion was granted, and she was permitted to withdraw her plea with respect to Count One of the indictment, which alleged bank fraud. (Doc. 21). Norwood was not permitted to withdraw her guilty plea as to Count Nine, and a sentencing was scheduled. (Id.).

On May 27, 2010, prior to the sentencing for Count Nine, Norwood was indicted in an eight-count superseding indictment, which superseded all but Count Nine. The superseding indictment charged Norwood with five counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and with three counts of possession of counterfeit securities, in violation of 18 U.S.C. § 513(a). (Doc. 22). On July 22, 2010, pursuant to a plea agreement with the Government, Norwood pled guilty to Count Two of the superseding indictment, which alleges a violation of 18 U.S.C. §§ 1344, bank fraud. (Doc. 37).

At Norwood's sentencing hearing conducted on August 23, 2010, Judge Granade sentenced her to twenty-seven months in prison on Count Nine of the initial indictment and Count Two of the superseding indictment, with the terms to run concurrently; five years of supervised release on Count Two and three years of supervised release on Count Nine following her release from prison, the terms to run concurrently; an assessment of two hundred dollars; and restitution in the amount of $24,799.10. (Doc. 47). Norwood did not file a direct appeal.

On July 22, 2011, Norwood filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and raises three claims related to her sentence and a fourth claim related to her indictment. (Doc. 52). On October 11, 2011, the Government filed a response in opposition to Norwood's Motion to Vacate and argues

that her claims are procedurally barred. (Doc. 54). The Court now addresses Norwood's claims.

## II. DISCUSSION

Norwood argues in her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 that: (1) she was improperly sentenced at the high end of the guidelines, instead of at the low end as provided in her plea agreement; (2) her presentence investigation report erroneously stated that the banks were the victims of her crimes, when the victims were actually the area businesses who cashed her fraudulent checks; (3) she was erroneously sentenced outside the advisory guideline range; and (4) her indictment erroneously stated that she defrauded Whitney Bank. (Doc. 52). As the Government has correctly pointed out in its response to the Motion to Vacate, Woods could have raised these claims on direct appeal. However, she did not do so because she did not file a direct appeal. As a result, she is procedurally barred from raising them now in this Court.

"Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 165 (1982)). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available

4

claims on direct appeal, Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); and (2) '[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Id. at 1232 (citations and internal quotation marks omitted). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. at 1232 n.14 (citing Mills, 36 F.3d at 1055).

In this case, each of Norwood's four claims relate to her sentence and indictment and each could have been reviewed on direct appeal, without further factual development, based on the record existing at that time. Since each of Norwood's claims could have been raised on direct appeal but were not, they are now procedurally defaulted unless she can show cause for failing to raise the claims and actual prejudice therefrom or show that she is actually innocent. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); Lynn, 365 F.3d at 1234-35.

Norwood has neither shown, nor even alleged, cause and prejudice for her procedural default, nor does she assert actual innocence. Rather, she simply states that she has not raised these claims before "because [she] did not have the knowledge of [her] convictions that [she] now ha[s]." (Doc. 52 at 5). That explanation is insufficient

to excuse her procedural default. See Jackson v. United States, 2010 WL 4942817, *4 (N.D. Ga. Aug. 26, 2010) (unpublished) (petitioner's failure to raise an available claim on direct appeal barred her § 2255 petition, and her "ignorance of the law fail[ed] to establish cause for a procedural default.") (citing Harmon v. Barton, 894 F.2d 1268 (11th Cir. 1990)). See also Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993)(in a § 2254 proceeding, "ignorance of available post-conviction remedies cannot excuse a procedural default"); Harris v. Giles, 2011 WL 904456, *26 (M.D. Ala. Feb. 17, 2011)(in a § 2254 proceeding, "neither an inmate's lack of legal knowledge, his failure to understand legal principles, nor his inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant . . . relief" from a procedural default). Therefore, Norwood's claims are procedurally barred in this Court and are due to be denied.

Moreover, even if Norwood's claims were not procedurally barred, they are due to be denied because they lack merit. In Claim One, she argues that she was improperly sentenced at the high end of the guidelines, instead of at the low end as provided in her plea agreement.[2] However, as the Government correctly points out in its response, both plea agreements entered into by Norwood expressly

---

2   The Court determined Norwood's guideline range to be twenty-one to twenty-seven months and sentenced her to twenty-seven months. (Doc. 48 at 2; Doc. 47 at 2).

advised that there was no guarantee that she would be sentenced within or below any particular guideline sentencing range, and that the range, as well as the actual sentence, would be determined solely by the Court. (Doc. 13 at 4; Doc. 37 at 4). Therefore, Norwood's claim that the Court improperly sentenced her at the high end of the guidelines is unavailing.

In Claim Two, Norwood argues that her presentence investigation report erroneously stated that "the bank" (ostensibly Whitney Bank) was the victim of her crime, when the victims were actually the area businesses who cashed her counterfeit checks. (Doc. 52 at 4). To the contrary, the final presentence investigation report does not refer to Whitney Bank or any of the banks involved in Norwood's counterfeit check cashing scheme as victims but, rather, refers to the merchants who cashed the checks as victims. (Doc. 42). Besides, even if the report had referred to Whitney Bank as a victim, Norwood has shown no error in, nor prejudice from, that characterization inasmuch as she pled guilty to Count Two of the superseding indictment charging bank fraud in violation of 18 U.S.C. § 1344, for executing a scheme to obtain money in the custody and control of Whitney Bank by means of false or fraudulent pretenses. (Doc. 37 at 9). Indeed, in her factual resume, Norwood admitted that she manufactured and cashed counterfeit payroll checks that were made to appear to access commercial bank accounts at Whitney Bank. (Id.

at 10-11). That makes Whitney Bank a victim of Norwood's crime; thus, her Claim Two is without merit.

In Claim Three, Norwood complains that she was erroneously sentenced *outside* the advisory guideline range. This claim contradicts Norwood's assertion in Claim One that she was improperly sentenced *at the high end* of the advisory guideline range. In any event, as noted above, the Court determined Norwood's guideline range to be twenty-one to twenty-seven months, based on a total offense level of "14" and a criminal history category of "III," and sentenced her to twenty-seven months.[3] (Doc. 48 at 2; Doc. 47 at 2). Therefore, Norwood's claim that she was improperly sentenced outside the advisory guideline range is without merit and due to be denied.

Finally, with respect to Claim Four, Norwood argues that her indictment erroneously stated that she defrauded Whitney Bank. For the same reasons discussed above with respect to Claim Two, this argument is without merit.

For each of the foregoing reasons, Norwood's § 2255 Motion to Vacate is due to be denied.

---

[3] Norwood points to a section of the Court's "Statement of Reasons" marked with an "x" beside the statement that "[t]he sentence is within an advisory guideline range that is not greater than twenty-four months…." (Doc. 48 at 2). Notwithstanding this apparent discrepancy, the Court clearly set forth the applicable guideline range as twenty-one to twenty-seven months and then proceeded to sentence Norwood to twenty-seven months, which was within the stated range. (Id.; Doc. 47).

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the Undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates

"that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

None of Norwood's claims would warrant the issuance of a Certificate of Appealability in this case. For the reasons discussed above, her claims are procedurally barred because they could have been, but were not, raised on direct appeal, and she has failed to establish cause and prejudice for that default or show that she is actually innocent. Under the circumstances, a reasonable jurist could not conclude that this Court is in error in invoking this procedural bar with respect to these claims. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further."). In addition, reasonable jurists could not debate whether any of Norwood's claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Norwood's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 52) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Desiree M. Norwood. In addition, the Undersigned Magistrate Judge is of the opinion that Petitioner is not entitled to issuance of a Certificate of Appealability. It is so recommended.

The instructions which follow the Undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **14th** day of **February, 2012**.

　　　　　　　　　　　　　　　　　　/s/ SONJA F. BIVINS
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

12

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.